**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DAVID E. BALL,**

        **Plaintiff,**

   v.                                           Civil Action 2:19-cv-1608
                                                          Magistrate Judge Chelsey M. Vascura

**MAYOR JEFF TILTON,** *et al.*,

        **Defendants.**

**OPINION AND ORDER**

Plaintiff, David E. Ball, who is proceeding without counsel, brings this action under 42 U.S.C. § 1983 against Defendants, the City of Zanesville and four city officials (collectively, "Defendants"), alleging that Defendants demolished his home without a court order in violation of his due process rights under the United States Constitution.  This matter is before the Court on Defendants' Motion for Summary Judgment and/or Judgment on the Pleadings (ECF No. 28); Plaintiff's Motion Against Judgment on the Pleadings and/or Summary Judgment (ECF No. 30), which the Court construes as a memorandum in opposition; Defendants' Reply (ECF No. 32); and Plaintiff's Request for Leave of Court to Add Addendum (ECF No. 33), which the Court construes as a request for leave to file a sur-reply.  For the reasons that follow, Defendants' Motion for Judgment on the Pleadings and Plaintiff's Request for Leave of Court to Add Addendum are **GRANTED**.

## I. BACKGROUND

According to his Second Amended Complaint (ECF No. 6), in July 2016, Plaintiff received a "Demolition Notice" from the Zanesville City Code Enforcement Officer. (Pl.'s 2nd Am. Compl., ECF No. 6 at PAGEID #: 39.) Plaintiff alleges that when he realized his home was going to be demolished, he tried to stop the process and filed an action in state court seeking emergency injunctive relief. He alleges that Defendants refused to help him and that Tim Smith, the Zanesville City Code Inspector, told him, "Ok, here is the deal. There is no deal because the mayor and law director have already told me to not make any deal." (*Id*. at PAGEID #: 41.) Based on the foregoing, Plaintiff asserts that his home "was demolished without a court order and due process in violation of [his] Fourth and Fourteenth U.S. Constitutional Amendment Rights." (*Id*. at PAGEID #: 40.) Plaintiff further "alleges a conspiracy between the Zanesville City Officials to deprive him of his right to [his] home." (*Id*. at PAGEID ##: 40-41.) In terms of relief, Plaintiff seeks monetary damages and an order removing the demolition charges from his real estate tax bill.

In their Answer, Defendants admit that the City of Zanesville sent Plaintiff a demolition notice in July 2016 and attach that notice as an exhibit. (ECF No. 19-1 at PAGEID ##: 113-15.) That notice advises Plaintiff how to appeal and also identifies a list of the alleged violations. Defendants also admit that Plaintiff filed an action in the Muskingum County Court of Common Pleas in March 2017 seeking injunctive relief. Review of the state court's docket, of which the Court takes judicial notice pursuant to Federal Rule of Evidence 201, reflects that following an expedited hearing held in April 2017, the state court granted a directed verdict in Defendants' favor. *See* state-court docket for *Ball v. Code Enforcement Officers*, Case No. CH2017-0113, *available at*: https://clerkofcourts.muskingumcounty.org/. Plaintiff did *not* appeal this decision.

Defendants attach to their Answer a number of letters and notices the City of Zanesville sent to Plaintiff regarding his property prior to sending the Demolition Notice, including a July 2012 Condemnation Notice (which explains the appeal procedure) and a number of letters requesting that he fix certain items.[1] (*See* ECF No. 19-1.) Defendants also attach additional communications the City of Zanesville sent to Plaintiff *after* the Demolition Notice, including a December 2016 letter affording Plaintiff an additional thirty days to fix certain items before demolition would commence and advising him that he could appeal to the Muskingum County Court of Common Pleas and a January 10, 2017 letter informing Plaintiff that demolition would commence on or after January 23, 2017. (*Id*.)

In their Motion for Summary Judgment and/or Judgment on the Pleadings (ECF No. 28), Defendants argue that they are entitled to judgment as a matter of law because Plaintiff has failed to plausibly state a claim. Defendants alternatively move for summary judgment, asking the Court to consider an attached affidavit.

Plaintiff opposes Defendants' Motion, asserting that genuine issues of material fact preclude entry of judgment. Plaintiff acknowledges that the at-issue property was not habitable and that he did not make all of the fixes identified in the letters and notices, but explains that he instead opted to vacate and board up his home and adds that he made some of the fixes. Although Plaintiff does not dispute that he failed to follow the appeals process outlined in the

---

[1] The Court may also take judicial notice of the issuance of official government notices and correspondence relating to the condemnation of the at-issue property. *See United States ex rel. Tenn. Valley Auth. V. A Temporary Right to Enter*, No. 4:16-cv-25, 2017 WL 2559976, at *1 n. 1 (E.D. Tenn. June 13, 2017) ("The Court can take judicial notice of pleadings filed in condemnation actions.") (citing *Goodpasture v. Tenn. Valley Auth.*, 434 F.2d 760, 765 (6th Cir. 1970); *Weinberger v. Town of Fallsburg*, No. 18-cv-988, 2019 WL 481733, at *1 (S.D. Ny. Feb. 6, 2019) (taking judicial notice of condemnation notice and correspondence pursuant to Rule 201 without converting the motion to dismiss into a motion for summary judgment). For purposes of resolving Defendants' Rule 12(c) Motion, Court does not, however, accept as true allegations in the government notices, such as whether Plaintiff's property was in violation of various code provisions.

notices from the City of Zaneville or that he failed to appeal the state court's denial of his request for injunctive relief, he nevertheless argues that his due process rights were violated because the demolition occurred without a court order such that Code Inspector Smith "was allowed to proceed unchecked as a judge, jury and executioner." (Pl.'s Opp'n, ECF No. 30 at PAGEID ##: 202, 204.) Plaintiff attaches an addendum in which he generally disputes Defendants' allegations that Plaintiff failed to take substantive action between 2012 and 2017 and notes that he sued the City of Zanesville in an unrelated matter eleven years ago. (*See id.* at PAGEID #: 206.) In Plaintiff's second, proposed addendum, he attaches the July 2012 Condemnation Notice, the July 2016 Demolition Notice, and a printout of a docket entry from his unrelated 2008 case against the City of Zanesville.

## II. STANDARD OF REVIEW

Because the Court concludes that Defendants are entitled to judgment as a matter of law on the pleadings, the Court has not considered Defendants' alternative request for summary judgment and applies the standard of review applicable to motions for judgment on the pleadings.

Rule 12(c) of the Federal Rules of Civil Procedure allows a party to "move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Courts apply the same analysis to motions for judgment on the pleadings under Rule 12(c) as they apply to motions to dismiss under Fed. R. Civ. P. 12(b)(6)." *McGath v. Hamilton Local Sch. Dist.*, 848 F. Supp. 2d 831, 836 (S.D. Ohio 2012) (citing *Warrior Sports, Inc. v. National Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010)). In deciding on a Rule 12(c) motion, the court must take "all well-pleaded material allegations of the pleadings of the opposing party as true." *Rawe v. Liberty Mut. Fire Ins. Co.*,

462 F.3d 521, 526 (6th Cir. 2006) (quoting *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)).

To survive a motion for judgment on the pleadings, a plaintiff's "factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009)). The Court holds *pro se* plaintiffs "to a less stringent pleading standard than a party with an attorney." *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008). But "[d]espite this, more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements." *Id.* (citing cases). In other words, "the less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpleaded facts to support conclusory allegations." *Id.* (quoting *Kamppi v. Ghee*, 208 F.3d 213 (table) (6th Cir. 2000)).

### III. ANALYSIS

As a threshold matter, the Court construes Plaintiff's Request for Leave of Court to Add Addendum (ECF No. 33) as a request for leave to file a sur-reply. Plaintiff explains that he was unable to obtain the included attachments earlier due to being under quarantine. For good cause shown, Plaintiff's motion is **GRANTED**, and the Court therefore has considered Plaintiff's submission and the attachments in ECF No. 33 in connection with resolving Defendants' Motion to Dismiss.

Construing Plaintiff's *pro se* pleading liberally, the Court concludes that he seeks to advance a procedural due process claim under the Fourteenth Amendment and a claim for civil conspiracy.[2] The Court considers these claims in turn.

---

[2]To advance a substantive due process claim, a plaintiff must plead either "(1) official acts that are unreasonable and arbitrary and 'may not take place no matter what procedural protections accompany them, [or] (2) official conduct

5

**A.     Fourteenth Amendment Procedural Due Process Claim**

States may not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "To establish a procedural due process claim, a plaintiff must show that (1) it had a life, liberty, or property interest protected by the Due Process Clause; (2) it was deprived of this protected interest; and (3) the state did not afford it adequate procedural rights." *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 904 (6th Cir. 2014) (citing *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006)).

Defendants argue, and the Court agrees, that Plaintiff has not sufficiently alleged the third element. "Procedural due process generally requires that the state provide a person with notice and an opportunity to be heard before depriving that person of a property or liberty interest." *Warren v. City of Athens, Ohio*, 411 F.3d 697, 708 (6th Cir. 2005) (citation omitted). As relevant here, as Defendants point out, consistent with these constitutional due process requirements, Ohio law requires that requires that municipal corporations such as the City of Zanesville give at least thirty days' notice prior to removal or repair of any unsafe or structurally

---

that shocks the conscience.'" *Harris v. City of Akron,* 20 F.3d 1396, 1405 (6th Cir. 1994) (quoting *Wilson v. Beebe*, 770 F.2d 578, 586 (6th Cir. 1985)). Here, review of the pleadings and briefing makes clear that Plaintiff's due process challenge is premised upon the demolition in the absence of a court order, which constitutes a challenge to the pre-deprivation procedures, as contrasted with a substantive due process challenge. (*See* 2nd Am. Compl., ECF No. 6 at PAGEID #: 40 (alleging his home was "demolished without a court order and due process"); and Pl.'s Opp'n, ECF No. 30 at PAGEID ##: 202, 204 (arguing he "was not provided 'due process' because . . . no court ordered the demolition of the house" and emphasizing that he "never received a 'court order' for demolition of his property").); *see also Harris*, 20 F.3d at 1405 ("[N]o court has held that it shocks the conscience for municipal authorities, acting pursuant to an unchallenged ordinance, to order the destruction of a building found by responsible officers to be a nuisance or threat to public health or safety."); *Hill v. City of Jackson, Mich.*, 751 F. App'x 772, 779 (6th Cir. 2018) (holding that a city's demolishing of an abandoned home does not amount to a substantive due process violation). In addition, although Plaintiff also references the Fourth Amendment, the enforcement of condemnation notices does not constitute an unreasonable seizure under the Fourth Amendment. *See Keene Grp., Inc. v. City of Cincinnati*, No. 1:19-CV-730-WOB, 2020 WL 3980304, at *5 (S.D. Ohio July 14, 2020) ("[T]he Fourth Amendment only protects against 'unreasonable' seizures. . . . The Sixth Circuit has reasoned the destruction of property designated as a public nuisance as a result of nuisance proceedings is not an 'unreasonable' seizure.") (citing *Embassy Realty Investments, Inc. v. City of Cleveland*, 572 F. App'x 339, 345 (6th Cir. 2014)). Thus, Plaintiff has failed to plausibly allege a claim under the Fourth Amendment.

defective building and further provides for an expedited appeals process with the state courts. *See* Ohio Rev. Code § 715.26(B) (setting forth notice requirements); Ohio Rev. Code § 715.262 (requiring state courts to give preference to challenges appealing violations of ordinances or regulations adopted under the authority of § 715.26).  Plaintiff does not allege that the City of Zanesville (or its ordinances) neglected to provide him with the predeprivation process required under Ohio law or that Defendants acted outside of its established procedures.  Indeed, the notices and correspondence from the City of Zanesville that Plaintiff references in his pleadings and briefing demonstrate that he was given ample notice and advised of how to appeal to both the City of Zanesville and also of his right to seek injunctive relief from the Muskingum County Court of Common Pleas.  Nor does Plaintiff dispute that he failed to timely avail himself of these appeal procedures.  Instead, Plaintiff generally alleges that demolition without a court order constitutes a due process violation.  Plaintiff has offered no authority supporting this legal conclusion, and the Court is unaware of any such authority.  Consequently, the Court finds that Plaintiff has failed to sufficiently allege facts upon which this Court could rely to conclude that Defendants violated his due process rights.  Defendants are therefore entitled to judgment on Plaintiff's due process claim.

**B.      Civil Conspiracy Claim**

Plaintiff has likewise failed to plausibly allege a civil conspiracy claim.  "A civil conspiracy is an agreement between two or more persons to injure another by unlawful action." *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *see also Hooks v. Hooks*, 771 F.2d 935 (6th Cir. 1985).  A plaintiff is required to demonstrate "a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant."  *Hooks*, 771 F.2d at 943-

44. Courts traditionally view allegations of conspiracy against public officials with "suspicion and disfavor." *Fisher v. City of Detroit*, 4 F.3d 993 (6th Cir. 1993). Thus, "[c]laims of conspiracy must be pled with some specificity: vague and conclusory allegations that are unsupported by material facts are not sufficient to state a § 1983 claim." *Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004); *see also Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008) ("[P]leading requirements governing civil conspiracies are relatively strict." (citation omitted)). Plaintiff's allegation that Code Inspector Smith told Plaintiff that he was instructed by the mayor and law director to not make a "deal" fails to satisfy these strict pleading standards. Because Plaintiff has failed to state a conspiracy claim, Defendants are entitled to judgment on this claim.

## IV. DISPOSITION

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings (ECF No. 28) and Plaintiff's Request for Leave of Court to Add Addendum (ECF No. 33) are **GRANTED**. The Clerk is **DIRECTED** to enter judgment in favor of Defendants and close this case.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE